Robert C. Ryan (Nevada Bar No. 7164)
Timothy A. Lukas (Nevada Bar No. 4678)
Joshua M. Halen (Nevada Bar No. 13885)
HOLLAND & HART LLP
5470 Kietzke Lane, Suite 100
Reno, Nevada 89511
Tel: (775) 327-3000 | Fax: (775) 786-6179
rcryan@hollandhart.com
tlukas@hollandhart.com
jmhalen@hollandhart.com

Paul D. Swanson (*pro hac vice*)
Nicholas W. Katz (*pro hac vice*)
HOLLAND & HART LLP
555 17th Street, Suite 3200
Denver, Colorado 80202
Tel: (303) 295-8000 | Fax: (303) 479-9424
pdswanson@hollandhart.com
nwkatz@hollandhart.com

*Attorneys for Plaintiff*

Samuel G. Liversidge (*pro hac vice*)
S. Christopher Whittaker (*pro hac vice*)
GIBSON DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071
Telephone:  213-229-7000
Facsimile:  213-229-7520
sliversidge@gibsondunn.com
cwhittaker@gibsondunn.com

Rachel S. Brass (*pro hac vice*)
GIBSON DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111
Telephone:  415-393-8200
Facsimile:  415-393-8306
rbrass@gibsondunn.com

John P. Desmond (SBN 5618)
Michael N. Feder (SBN 7332)
Gabriel A. Blumberg (SBN 12332)
DICKINSON WRIGHT PLLC
100 West Liberty Street, Suite 940
Reno, NV 89501
Telephone:  775-343-7500
Facsimile:  844-670-6009
jdesmond@dickinsonwright.com
mfeder@dickinsonwright.com
gblumberg@dickinsonwright.com

*Attorneys for Defendants*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| KOIN MOBILE, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>EVERI HOLDINGS INC., f/k/a Global Cash Access Holdings, Inc., a Delaware Corporation, and EVERI PAYMENTS INC., f/k/a Global Cash Access, Inc., a Delaware Corporation,<br><br>Defendants. | **CASE NO.: 3:24-cv-00178-ART-CSD**<br><br>**STIPULATED PROTECTIVE ORDER** |

Plaintiff Koin Mobile, LLC ("Koin") and Defendants Everi Holdings Inc. and Everi Payments Inc. (together, "Everi" and with Koin, the "Parties") stipulate to and request that this Court enter the following Stipulated Protective Order ("Order"):

## 1. **INTRODUCTION**

### 1.1. Purposes and Limitations

Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Order. The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.

## 2. **DEFINITIONS**

2.1. <u>Action</u>:  the above-captioned lawsuit.

2.2. <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3. <u>"CONFIDENTIAL" Information or Items</u>: any Disclosure or Discovery Material that a Producing Party has, subject to the provisions of this Order, designated as "CONFIDENTIAL" based on the Producing Party's reasonable and good faith belief that the Disclosure or Discovery Material constitutes or reveals confidential research, development, commercial information, personal identifiable information, technical information, financial data, or personal, client, or customer information concerning individuals or other entities.

2.4. <u>Counsel</u>: Outside Counsel of Record and House Counsel.

2.5. <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO."

2.6.    <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7.    <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action, and who: (i) is not a current employee or current business consultant of a Party or of a Party's competitor, or otherwise currently involved in competitive decision-making for a Party or a Party's competitor, (ii) has not within the 12 months preceding the entry of this Protective Order been an employee or business consultant of a Party or a Party's competitor, or otherwise been involved in competitive decision-making for a Party or a Party's competitor and (iii) at the time of retention is not anticipated to become an employee or business consultant of a Party or a Party's competitor, or to be otherwise involved in competitive decision-making for a Party or a Party's competitor.

2.8.    <u>"HIGHLY CONFIDENTIAL – AEO" Information or Items</u>: any Disclosure or Discovery Material that a Producing Party has designated as "HIGHLY CONFIDENTIAL – AEO" based on the Producing Party's reasonable and good faith belief that the Disclosure or Discovery Material constitutes or reveals extremely sensitive "CONFIDENTIAL" Information or Items, disclosure of which would create a substantial risk of serious competitive harm that could not be avoided by less restrictive means, which may include (a) current and future business plans, methods, and strategies, except for advertisements or communications that have been disclosed to the public; (b) commercial agreements with third parties containing competitively sensitive information, and the negotiations concerning such agreements, provided that the Producing Party has taken reasonable steps to keep the terms of such agreements and related negotiations—as distinct from the existence of the commercial relationship—out of the public domain; or (c) financial information, including non-public sales information, customer lists,

purchases by customers, communications with potential customers, sales projects, profit calculations, income, and costs (i.e., production, marketing, and overhead).

2.9. <u>House Counsel</u>: attorneys (and their support personnel) employed by a Party to perform or support legal functions, to whom disclosure of Protected Material is reasonably necessary in connection with this Action.

2.10. <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not <u>named</u> as a Party to this action.

2.11. <u>Outside Counsel of Record</u>: attorneys, along with their paralegals and other support personnel assisting them with this Action (including temporary or contract staff), who are not employees of a Party but who have been retained to represent or advise a Party in connection with this Action.

2.12. <u>Party</u>: any party to this Action, including all of its officers, directors, employees, and agents.

2.13. <u>Privileged Material</u>: any Disclosure or Discovery Material protected from disclosure under the attorney-client privilege, attorney work product doctrine, United States or foreign bank disclosure laws or regulations, and/or any other applicable United States or foreign statute, law, regulation, privilege, or immunity from disclosure.

2.14. <u>Producing Party</u>: any Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15. <u>Professional Vendors</u>: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors. This definition includes a professional jury or trial consultant retained in connection with this Action.

2.16. <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – AEO."

2.17. <u>Receiving Party</u>: any Party or Non-Party that receives Disclosure or Discovery Material from a Producing Party.

**3.    SCOPE**

The protections conferred by this Order cover not only Protected Material but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. This Order does not govern the use of Protected Material at trial; any use of Protected Material at trial shall be governed by a separate agreement or order.

In the event that the production of programming source code becomes necessary in this Action, the Parties shall enter into a separate Stipulated Protective Order to govern the confidentiality protections for such information.

**4.    DURATION**

Even after final disposition of this Action, the confidentiality obligations imposed by this Order will remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.    DESIGNATING PROTECTED MATERIAL**

5.1.    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. The Parties agree that if either or both of them intend to use technology-assisted review to facilitate efficient production of electronic documents, the Parties will cooperate to reach an agreement on appropriate presumed protections for such productions and methods for revising such protections.

5.2.    <u>Withdrawing Inapplicable Designations.</u> If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, the Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.3.    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of § 5.4(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly designated before the material is disclosed or produced.

5.4.    <u>Designations.</u> Designation in conformity with this Order requires:

(a)    For information in documentary form (e.g., paper or electronic documents including but not limited to produced documents, discovery requests, discovery responses, declarations, and pleadings, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix, at a minimum, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" to each page of a document that contains Protected Material if possible, except that in the case of multi-page documents bound together by a staple or other permanent binding, the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" need only be stamped on the first page of the document in order for the entire document to be treated as Confidential.  For native documents, the Producing Party shall include the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" in the metadata produced for such documents, in the filename, and/or on any slipsheet produced with the native file.

(b)    For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

(c)    A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection will be deemed "HIGHLY CONFIDENTIAL – AEO." After the inspecting Party has identified the documents it wants

copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" to each page that contains Protected Material.

(d)     Any Party may designate any or all portions of depositions taken in these actions as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" either (1) by making a statement on the record at the deposition, or (2) by serving notice in writing to the other Parties' Outside Counsel of Record within thirty (30) days of receiving the final transcript of the deposition. The Designating Party shall provide a list of the pages and line numbers for which protection is sought and a copy of the transcript marked to show the portions for which protection is being sought. All deposition transcripts will be treated as "HIGHLY CONFIDENTIAL – AEO" until a Party designates any or all portions of the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" or thirty (30) days after the receipt of the final transcript, whichever is earlier. After the expiration of thirty (30) days, the transcript shall be treated only as actually designated.

(e)     Any Party may designate any or all portions of pretrial hearing transcripts in these actions as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" by serving notice in writing to the other Parties' Outside Counsel of Record within thirty (30) days of receiving either the final transcript of the hearing or written notification that the transcript is available. The Designating Party shall provide a list of the pages and line numbers for which protection is sought and a copy of the transcript marked to show the portions for which protection is being sought. All pretrial hearing transcripts will be treated as "HIGHLY CONFIDENTIAL – AEO" until a Party designates any or all portions of the transcript as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" or thirty (30) days after the receipt of the final transcript, whichever is earlier. After the expiration of thirty (30) days, the transcript shall be treated only as actually designated. Such designation shall only be maintained until the Court rules on a motion to request redaction of the hearing transcript. If the Court denies the motion to request redaction of the hearing transcript, or if a party does not

move to request redaction of the hearing transcript within thirty (30) of receipt of the final transcript, no designation shall be maintained. If the Court grants a motion to request redaction of the hearing transcript, the designation shall be maintained as to the parts of the transcript to which the Court granted the redaction request.

(f)    Parties shall give the other Parties notice if they reasonably expect a deposition, hearing, or other proceeding to include Protected Material so that the other Parties can ensure that only authorized individuals who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A) are present at those proceedings. The use of a document as an exhibit at a deposition shall not in any way affect its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO."

(g)    Counsel for the Designating Party or subpoenaed Non-Party will have the right to exclude from the room during any deposition any person who is not entitled under the provisions of §§ 7.2 or 7.3 to receive or review "CONFIDENTIAL" information or "HIGHLY CONFIDENTIAL – AEO" information during the time that such information is being disclosed or discussed in the deposition.

i.    No Witness may be shown or examined on any "CONFIDENTIAL" information or "HIGHLY CONFIDENTIAL – AEO" information unless he or she is entitled to receive or review such material under the provisions of §§ 7.2 or 7.3, respectively, or unless otherwise agreed by counsel for the Designating Party for the Protected Material at issue. In the event that counsel for the Designating Party of the Protected Material at issue agrees that the witness may be shown or examined on those Protected Materials, the witness must first be advised of the confidential nature of the Protected Material and be informed that any unauthorized disclosure of the information contained in the Protected Material may constitute a contempt of this Court.

ii.    Any Receiving Party wishing to use documents of an opposing Party designated either "CONFIDENTIAL" information or "HIGHLY CONFIDENTIAL – AEO" at the deposition of a third party must give the Designating Party at least 48 hours written notice, unless the third-party deponent is already entitled to receive or review such

material under the provisions of §§ 7.2 or 7.3. The written notice must provide a list of the documents by Bates number that the requesting Party wishes to use in the third-party deposition. Unless the third-party deponent is otherwise entitled to receive or review the Protected Material under the provisions of §§ 7.2 or 7.3, the third-party deponent must be asked to execute the "Acknowledgement and Agreement To Be Bound" (Exhibit A), acknowledging that the deponent will treat Protected Material in accordance with this Order and that the third-party deponent agrees to be bound by the terms of this Order. If before testifying the third-party deponent refuses to sign the "Acknowledgement and Agreement To Be Bound," Counsel for the Receiving Party seeking to depose the third party shall (i) provide the third-party deponent a copy of this Order; (ii) state on the record that the Protected Material about which the third-party deponent is to be questioned is subject to the terms of this Order; and (iii) inform the third-party deponent on the record that unauthorized disclosure of the information contained in the Protected Material may constitute a contempt of this Court.

      5.5    <u>Inadvertent Failures to Designate</u>. In the event that Protected Material is produced without having been previously marked "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO," the Receiving Party shall, upon a written request from the Designating Party, treat and preserve such document, paper, or thing in accordance with the confidentiality designation that the Designating Party states should have been affixed to it. The Designating Party must then, within seven (7) business days of its written request, or such other time as agreed by the Parties, reproduce the document, paper, or thing with the appropriate confidentiality designation. The Receiving Party shall take reasonable steps to either (a) sequester the document if the new designation is disputed; or (b) destroy or return all copies of such non- or mis-designated documents. The inadvertent failure to designate a document as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" at the time of production shall not, standing alone, be deemed a waiver of the protections afforded by this Order, either as to specific information in the document or as to any other information relating thereto or on the same or related subject matter. No Party shall be deemed to have violated this Order if, prior to notification of any later designation, such material has been disclosed or used in a manner inconsistent with the later

designation. Once a designation is made, however, the relevant documents or materials shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" in accordance with this Order. If material inadvertently not designated is, at the time of the later designation, already filed with a court on the public record, the Designating Party that failed to make the designation shall move for appropriate relief.

      5.6   <u>Upward Designation</u>: A Party may seek to upward designate (i.e., change any Disclosure or Discovery Material produced without a designation of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" to one of those designations, or change any Disclosure or Discovery Material produced as "CONFIDENTIAL" to a designation of "HIGHLY CONFIDENTIAL – AEO") any Disclosure or Discovery Material produced by another Party or Non-Party, provided that said Disclosure or Discovery Material contains the upward Designating Party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" information or items, or otherwise is entitled to protective treatment under the terms of this Order. A request for upward designation shall be initiated by providing written notice to all Parties (and any Non-Party that produced the Disclosure or Discovery Material at issue) identifying (by Bates number or other individually identifiable information) the Disclosure or Discovery Material to be re-designated and the requested upward designation. If the Producing Party does not object to the upward designation within seven (7) business days, the upward designation will apply to the Disclosure or Discovery Material at issue. If the Producing Party provides written notice within seven (7) business days to the Party seeking the upward designation that it objects to the upward designation, the Parties shall resolve the dispute pursuant to the procedures set forth in § 6 regarding challenging designations, with the Party seeking the upward designation bearing the burden of moving for judicial relief. The requested upward designation shall apply until the dispute is resolved, unless the Party requesting the upward designation fails to move for appropriate relief from the Court within the earlier of 14 days of the initial notice of dispute or 7 days of the parties agreeing that the meet and confer process will not resolve their dispute.

**6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1.    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Failure to do so promptly after production shall not preclude a subsequent challenge thereto.

6.2.    Meet and Confer. The Challenging Party shall initiate the dispute resolution process under LR IA 1-3(f) and Section V.B of the Hon. Craig S. Denney's Civil Standing Order by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order. The parties shall attempt to resolve each challenge in good faith and must confer directly, in voice-to-voice dialogue, within 7 business days of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3.    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under LR IA 1-3(f) and Section V.B of the Hon. Craig S. Denney's Civil Standing Order, within the earlier of 14 days of the initial notice of dispute or 10 days of the parties agreeing that the meet and confer process will not resolve their dispute. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 14 days (or 10 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time

11

(after following the above conferral process) if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

6.4.    <u>Burden</u>.  The burden of persuasion in any proceeding under this Section of this Order will be on the Designating Party. Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1.    <u>Basic Principles.</u> A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of § 14 below (FINAL DISPOSITION). Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2.    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" by the Designating Party only to:

(a)    the Receiving Party's Outside Counsel of Record;

(b)    House Counsel to whom it is reasonably necessary to disclose the information for this Action, as well as employees supporting any such House Counsel, so long as they have executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)    no more than five officers, directors, or employees of the Receiving Party (i) to whom disclosure is reasonably necessary for this Action, (ii) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), and (iii) who have been cleared by the Designating Party consistent with the process set forth in §§ 7.2(d)(i)-(iv) for the

disclosure of Experts. Any officers, directors, or employees of the Receiving Party who receive "CONFIDENTIAL" information or items pursuant to this process shall take reasonable steps to avoid dissemination of such Protected Material to unauthorized individuals, including, for example, by keeping such Protected Material in password-protected folders or in locked drawers.;

   (d) The Receiving Party's Experts (1) to whom disclosure is reasonably necessary for this litigation, (2) who have been cleared by the Designating Party consistent with the process set forth in §§ 7.2(d)(i)-(iv), and (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

    (i) Before a Receiving Party may share the Protected Material of the Designating Party with an Expert, the Receiving Party must disclose to the Designating Party the name and current employer(s) of the Expert and obtain agreement from the Designating Party that Protected Material may be shared with the disclosed Expert;

    (ii) The Designating Party must, within 7 days of receiving such notice, provide such permission or notify the Receiving Party of any objection, with reasonable justification therefor, to the Receiving Party sharing Protected Material with the Expert;

    (iii) The failure of a Designating Party to provide a reasoned objection within 7 business days of receiving a disclosure as to an Expert under subsection (d)(i) shall constitute agreement under subsection (d)(ii); and

    (iv) In the event of any unresolved timely objection between the Parties regarding the disclosure of Protected Material to an Expert, the objecting Designating Party's service of a reasoned objection under subsection (d)(ii) shall be deemed to constitute notice of a dispute under § 6.2 and thereby to commence the dispute-resolution process set forth in § 6, with the burden on the Designating Party to show why the Expert should not be permitted to view Protected Material.

    (v) Any part of a report created by such Expert incorporating Protected Material in whole or in part shall be designated appropriately by the Party responsible for its creation.

(e)     the Court and its personnel;

(f)     court reporters and their staff;

(g)     Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)     mock jurors who have signed an undertaking or agreement agreeing not to publicly disclose Protected Material and to keep any information concerning Protected Material confidential;

(i)     the author or recipient of a document containing the information or a custodian or other person who otherwise properly and lawfully possessed or knew the information independently of its disclosure pursuant to this Order, provided that (i) this disclosure is made for the purpose of advancing the disclosing Party's claims or defenses in this Action, and for no other purposes; (ii) the person is not permitted to retain copies of the Protected Material after the witness is examined regarding the Protected Material; and (iii) the person is explicitly informed by the Counsel that discloses the Protected Material to that person that this Order forbids him or her to disclose the Protected Material except as permitted under this Order and that he or she is subject to the Court's jurisdiction for the purposes of enforcing this Order;

(j)     any current or former employees of the Designating Party that were employed by the Designating Party when the document was created;

(k)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions;

(l)     any other person agreed to by the Designating Party in writing; and

(m)     any other person to whom the Court compels disclosure of the Confidential Material or to whom disclosure is required by law.

Any disclosure permitted by this section may be only made to the extent reasonably necessary to prosecute or defend this Action.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – AEO" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – AEO"

14

by the Designating Party only to the categories of individuals identified in §§ 7.1(a), (d)-(i), and (k)-(m), as well as to no more than two House Counsel (and one dedicated paralegal who has executed the "Acknowledgment and Agreement to Be Bound" (Exhibit A)) (i) who have appeared in this Action, (ii) to whom disclosure is reasonably necessary in connection with this Action, and (iii) who have been cleared by the Designating Party consistent with the process set forth in §§ 7.2(d)(i)-(iv) for the disclosure of Experts. House Counsel who receive "HIGHLY CONFIDENTIAL – AEO" information or items pursuant to this process shall take reasonable steps to avoid dissemination of such Protected Material to unauthorized individuals, including, for example, by keeping such Protected Material in password-protected folders or in locked drawers. All "HIGHLY CONFIDENTIAL – AEO" information or items shall not otherwise be disclosed. To the extent a Party believes that any other individual or entity requires access to a particular category of "HIGHLY CONFIDENTIAL – AEO" information or items, it shall make that request in writing to the Designating Party and the parties shall meet and confer to attempt to resolve the issue and may raise the issue with the Court if necessary using the procedures provided in § 6 of this Order.

7.4  <u>Retention of Exhibit A</u>. Counsel for the Party that obtains the signed "Acknowledgement and Agreement To Be Bound" (Exhibit A), as required above, shall retain them for six (6) months following the final termination of this Action, including any appeals, and shall make them available to other Parties upon good cause shown and to the Court upon request.

**8. <u>PROTECTED MATERIAL SOUGHT IN OTHER LITIGATION</u>**

8.1.  If a Party is served with a subpoena, a court order, or other valid process issued in other litigation that compels disclosure of any Protected Material produced in this Action, that Party must:

(a)  promptly notify in writing the Designating Party. Such notification will include a copy of the subpoena or court order;

(b)      promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification will include a copy of this Order; and

(c)      not produce the requested Protected Material unless and until a court of competent jurisdiction so directs, except if the Designating Party (a) consents, or (b) fails to file a motion to quash or fails to notify the Receiving Party in writing of its intention to contest the production of the Protected Material prior to the date designated for production of the Protected Material, in which event the Receiving Party may produce on the production date, but no earlier. In connection with any production of Protected Material subject to this Order, the Receiving Party shall request the corresponding confidentiality designation in the other litigation.

(d)      If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order will not produce any of the Designating Party's Protected Material before a determination by the court from which the subpoena or order issued.

8.2.      The purpose of imposing these duties is, to the extent consistent with the rules, requirements, or requests of any relevant governmental or regulatory organization, or otherwise permitted by law, to afford the Designating Party an opportunity to try to protect its confidentiality interest in the matter or proceeding in connection with which the discovery request, subpoena, or order is issued.

8.3.      The Designating Party will bear the burden and expense of seeking protection in the other litigation for its confidential material, and nothing in these provisions should be construed as authorizing, requiring, or encouraging a Receiving Party to disobey, or to risk contempt of, a lawful directive from another court.

8.4.      In the event that Disclosure or Discovery Material is produced to a Non-Party as a result of a discovery request, subpoena, or an order issued in other litigation, or some other form of legal process from any court, federal or state regulatory or administrative body or agency, legislative body, or other person or entity, such Disclosure or Discovery Material shall continue to be treated in this Action in accordance with any designation as Protected Material.

**9.    A NON-PARTY'S PROTECTED MATERIAL IN THIS LITIGATION**

9.1.    The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – AEO" by the Non-Party. Such information produced by Non-Parties in connection with this Action is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2.    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, the Producing Party may take all appropriate steps to notify the Non-Party regarding the requested information, and the Non-Party may seek relief in this Court pursuant to § 9.1. Unless the Non-Party timely seeks a protective order from this Court before production of the requested information is due, the Producing Party cannot withhold the requested information on the basis that it is subject to a confidentiality agreement. If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its possession or control that is covered by the protective order sought by the Non-Party, until the Court has ruled on the Non-Party's request for a protective order. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

**10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.    INADVERTENT PRODUCTION OF PRIVILEGED INFORMATION

11.1.    This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. Subject to the provisions of this Order, if the Producing Party discloses information in connection with this Action that the Producing Party thereafter claims to be Privileged Material, the disclosure of that Privileged Material will not on its own constitute or be deemed a waiver or forfeiture—in this or any other action—of any claim of privilege, work product protection, or other applicable privilege or immunity that the Producing Party would otherwise be entitled to assert as to specific information in the inadvertently produced Privileged Material or as to any other information relating thereto or on the same or related subject matters.

11.2.    Notification and Challenge:

(a)    A Producing Party claiming privilege over any inadvertently produced Privileged Material shall promptly notify any and all relevant Receiving Parties. When a Producing Party gives notice to Receiving Parties that any inadvertently produced Privileged Material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

(b)    The Producing Party claiming privilege or other protections for inadvertently produced Privileged Material must then provide within ten (10) business days of such notification a privilege log for the inadvertently produced Privileged Material pursuant to Rule 26(b)(5) of the Federal Rules of Civil Procedure, the applicable local rules, and any stipulated ESI protocol or other agreement between the Parties, as well as a new copy of the material (utilizing the same Bates number(s) as the original material) with the privileged or protected material redacted.

11.3.    This Order protects any disclosure of Privileged Material, whether that disclosure is inadvertent or otherwise.

11.4.    Each Party is entitled to decide, in its sole discretion, the appropriate degree of care to exercise in reviewing materials for privilege. The non-waiver provision of § 11.1 shall apply in this Action irrespective of the care that is actually exercised in reviewing materials for privilege.

11.5.    Consistent with common ethics standards, even without receiving notice that Privileged Material was inadvertently produced, if the Receiving Party believes the Producing Party inadvertently produced Privileged Materials, the Receiving Party must stop reviewing the document or information it believes is subject to a privilege or protection, notify the Producing Party, and abide by the Producing Party's instructions.

11.6.    This Order shall be interpreted to provide the maximum protection allowed to the Producing Party by Federal Rule of Evidence 502(d), though the provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Privileged Material under this Order. However, if for any reason, a Court finds that this Section is inapplicable to Privileged Material, then Rule 502(b) will apply instead.

11.7.    <u>Contesting Claim of Privilege or Work Product Protection</u>. Nothing in this Order shall limit the Receiving Party's right to challenge (on grounds unrelated to the fact or circumstances of the disclosure) the Producing Party's claim that Privileged Material is protected from disclosure by the attorney-client privilege, work product doctrine, or other applicable privilege or immunity. If, after undertaking an appropriate meet-and-confer process, the Parties are unable to resolve any dispute they have concerning the Privileged Material, the Receiving Party may file the appropriate motion or application as provided by the Court's procedures to compel production of such material. Any Privileged Material submitted to the Court in connection with a challenge to the Disclosing Party's claim of attorney-client privilege or work product protection shall not be filed in the public record, but rather shall be redacted, filed under seal, or submitted for *in camera* review.

## 12.    <u>SECURITY AND DATA BREACH</u>

12.1.    <u>Care for the Storage, Custody, and Use of Protected Material</u>: Any person in possession of another Party's Protected Material shall exercise the same care with regard to the storage, custody, or use of such Protected Material as they would apply to their own material of the same or comparable sensitivity.

12.2.   <u>Protective Precautions</u>: Receiving Parties must take reasonable precautions to protect Protected Material from loss, misuse and unauthorized access, disclosure, alteration, and destruction.

12.3.   <u>Discovery of Breach</u>: If the Receiving Party discovers a breach of security relating to the Protected Material of a Designating Party, the Receiving Party shall: (1) provide written notice to the Designating Party of such breach as soon as reasonably practicable after Receiving Party's discovery of the breach; (2) investigate and remediate the effects of the breach; and (3) provide sufficient information about the breach that the Designating Party can reasonably ascertain the size and scope of the breach. If required by any judicial or governmental request, requirement, or order to disclose such information, the Receiving Party shall take all reasonable steps to give the Designating Party sufficient prior notice in order to contest such request, requirement, or order through legal means. The Receiving Party agrees to provide reasonable cooperation to the Designating Party or law enforcement in investigating any such security incident. In any event, the Receiving Party shall promptly take all necessary and appropriate corrective action to terminate the unauthorized access as it deems appropriate in its good faith and reasonable judgment.

**13.    <u>MISCELLANEOUS</u>**

13.1.   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2.   <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

13.3.   <u>Filing Protected Material</u>. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with LR IA 10-5. Protected Material may be maintained under seal only pursuant to a court order authorizing the sealing of the specific

Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

13.4. <u>Use of Protected Material by Designating Party</u>. Nothing in this Order shall prevent or restrict a Designating Party's own disclosure or use of its own Protected Material for any purpose.

13.5. <u>Jurisdiction</u>. The parties and any other persons subject to the terms of this Order agree that the Court shall retain jurisdiction over them for the purpose of enforcing this Order.

## 14. **FINAL DISPOSITION**

Unless otherwise ordered or agreed to in writing by the Producing Party, within sixty (60) days after the final disposition of this Action, as defined in § 4 above, all parties in receipt of Protected Material shall use reasonable efforts to either return such materials and copies thereof to the Producing Party or destroy such Protected Material (including but not limited to copies in the possession or control of any Expert or employee) and certify that fact in writing. The Receiving Party's reasonable efforts shall not require the return or destruction of Protected Material from (i) disaster recovery or business continuity backups, (ii) data stored in system-generated temporary folders or near-line storage, (iii) departed employee data, and/or (iv) material that is subject to legal hold obligations or commingled with other such material. Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Material, but such retained information shall continue to be treated in accordance with this Order. The Parties' Outside Counsel of Record shall be entitled to retain copies of court papers (and exhibits thereto), correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), legal memoranda, expert reports and attorney work product that contain or refer to Protected Material, provided that the terms of this Order will continue to govern any such retained materials, and Outside Counsel of Record and their employees shall not disclose such Protected Material to any person not authorized to access it under this Order or other applicable court order. Nothing in this Section shall be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

**IT IS SO STIPULATED**, through Counsel of Record.

FOR PLAINTIFF                                          FOR DEFENDANTS

*/s/ Joshua M. Halen*                                 */s/ Samuel G. Liversidge*

Robert C. Ryan (SBN 7164)                             John P. Desmond (SBN 5618)
Timothy A. Lukas (SBN 4678)                           Michael N. Feder (SBN 7332)
Joshua M. Halen (SBN 13885)                           Gabriel A. Blumberg (SBN 12332)
Paul D. Swanson (*pro hac vice*)                      DICKSON WRIGHT PLLC
Nicholas W. Katz (*pro hac vice*)
HOLLAND & HART LLP                                    Samuel G. Liversidge (*pro hac vice*)
                                                      S. Christopher Whittaker (*pro hac vice*)
*Attorneys for Plaintiff*                             Rachel S. Brass *(pro hac vice)*
                                                      GIBSON, DUNN & CRUTCHER LLP

                                                      *Counsel for Defendants*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: May 29, 2025

.

HON. CRAIG S. DENNEY
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
Acknowledgment and Agreement to be Bound

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____

[**full address**], declare under penalty of perjury that I have read in its entirety and understand the

Stipulated Protective Order that was issued by the United States District Court for the District of

Nevada on _____[date] in the case of *Koin Mobile, LLC v. Everi Holdings Corp.*

*& Everi Payments Corp.*, 3:24-cv-00178-ART-CSD (D. Nev.). I agree to comply with and to be

bound by all the terms of this Stipulated Protective Order, and I understand and acknowledge

that failure to so comply could expose me to sanctions and punishment in the nature of contempt.

I solemnly promise that I will not disclose in any manner any information or item that is subject

to this Stipulated Protective Order to any person or entity except in strict compliance with the

provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the

District of Nevada for the purpose of enforcing the terms of this Stipulated Protective Order,

even if such enforcement proceedings occur after termination of the above-referenced action.


Date: _____

City and State where signed: _____


Printed name: _____


Signature: _____

23